UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Sara Bertha Regalado | ) CASE NO. 17-64626-PMB |
| | ) |
| | ) |
| DEBTOR. | ) |

### CHAPTER 13 TRUSTEE'S
### OBJECTION TO CONFIRMATION & MOTION TO DISMISS

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

2. The Debtor has failed to maintain payments into this case as required by 11 U.S.C. Section 1326.

3. Acceptance Rentals filed a secured proof of claim; however, the Plan fails to provide treatment for said claim, in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

4. In accordance with General Order No. 18-2015 and the annexed Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $1,500.00 per month rental income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

5. The Chapter 13 budget fails to include Debtor's 401(k) loan expense; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

6. The funding of post-petition mortgage installments has not been maintained in the above-styled Chapter 13 case; thereby, rendering the present budget and proposed Plan infeasible, 11 U.S.C. Section 1325(a)(6).

7. The Form 22C-2 filed in this case provide for additional expenses for vehicle operation and court-ordered payments; however, the Debtor has failed to provide documentation demonstrating that the claimed expenses of $458.00 per month and $122.54 per month, respectively, are reasonable and necessary. 11 U.S.C. Sections 707(b)(2)(A)(ii)(I) and/or (II) and/or (IV) and/or (V).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. Pursuant to the disposable income calculation on Form B22C, the unsecured pool in the Chapter 13 plan is less than that required by 11 U.S.C. Section 1325(b)(1)(B).

9. The Chapter 13 budget fails to reflect all of Debtor's overtime income; thereby preventing the contribution of all disposable income to this plan. 11 U.S.C. Sections 1325(a)(3), 1325(a)(7), and 1325(b).

10. Pursuant to information received from the Internal Revenue Service, 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 Plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

11. The Plan should be amended to include a provision that, "Any federal tax refunds the Debtor is entitled to receive during the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to the Debtor's Chapter 13 Trustee. Upon written request to the Chapter 13 Trustee, the Debtor may retain up to $1,500.00 of a tax refund without a motion being filed." 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

12. Based upon a review of the Debtor's payslip, it appears that the Debtor's net monthly income as reflected on Schedule I may be understated. The payslip reflects net monthly income of $2,849.20 and gross monthly income of $4,294.74, while Schedule I reflects net monthly income of $2,547.96 and gross monthly income of $3,675.30. The Debtor's Plan and Schedules should be amended to provide for the contribution of all additional disposable income to the instant Chapter 13 case. 11 U.S.C. Sections 1325(a)(3), 1325 (a)(7), 1325(b)(1)(B).

13. The voluntary petition fails to reflect Debtor's complete name. Debtor is also known as Sara Elhordoy Tolosa.

14. The Debtor's Chapter 13 Plan fails to provide for an increase in payments when direct payments at $175.00 per month for Debtor's 401(k) end; this may show lack of good faith or create a disposable income problem in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

15. The Chapter 13 Plan fails to provide for the surrender of property to Acceptance Rentals, in violation of 11 U.S.C. Section 1325(a)(5)(C).

16. The Chapter 13 budget reflects a $500.00 per month furniture rental expense, $175.00 per month loan repayment expense, and ten percent (10%) per month 401(k) contribution, expense amounts that may be excessive and unnecessary for the maintenance or support of the Debtor or dependents, in violation of 11 U.S.C. Sections 1325(a)(3) and 1325(b)(2)(A).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ Melissa J. Davey
Melissa J. Davey
Chapter 13 Trustee
GA Bar No. 206310

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Sara Bertha Regalado | ) ) ) | CASE NO.: 17-64626-PMB |
| | ) | |
| DEBTOR. | ) | |

17-64626-PMB              **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

>DEBTOR(S):
>Sara Bertha Regalado
>1540 Peachcrest Drive
>Lawrenceville, GA  30043
>
>DEBTOR(S) ATTORNEY:
>SLIPAKOFF & SLOMKA, PC
>OVERLOOK III, SUITE 1700
>2859 PACES FERRY RD, SE
>ATLANTA, GA  30339

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Wednesday, October 11, 2017

/s/ *(signature)*

Melissa J. Davey
GA Bar No. 206310
Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:   678-510-1444
Facsimile:    678-510-1450